STATE OF MISSOURI, EX REL. DU VAL SMITH, PROSECUTING ATTORNEY, RESPONDENT, v. N. L. EMPIE, ET AL., APPELLANTS.*

Kansas City Court of Appeals. June 14, 1926.

*Corpus Juris-Cyc References: Contempt, 13CJ, p. 65, n. 85, 89; Intoxicating Liquors, 33CJ, p. 702, n. 28, 42; p. 703, n. 55; p. 704, n. 65.

*Du Val Smith,* Prosecuting Attorney, and *C. W. Meyer,* Assistant Prosecuting Attorney, for respondent.

722

*Norris & Reilly* for appellant.

ARNOLD, J.—This is a proceeding in contempt of court. The facts shown are that in April, 1925, defendant N. L. Empie was the lessee and operator of a certain hotel located at 111 North Third street in the city of St. Joseph, Mo., known as the Elms Hotel, and that one Robert A. Uihlein, a resident of Milwaukee, was the lessor thereof.

On April 4, 1925, the prosecuting attorney of Buchanan county filed in the circuit court of said county a verified petition praying for an injunction against defendant N. L. Empie, restraining him, among other things, from using said premises as a place for storing, keeping, selling or bartering intoxicating liquors. The petition alleges that Robert A. Uihlein is the owner of the property described, and for cause of action states that said building and premises are wilfully, unlawfully and knowingly used and maintained by defendant, or suffered to be so unlawfully, wilfully and knowingly used as a place where intoxicating liquors are unlawfully sold, manufactured, kept for sale and bartered, in violation of the laws of the State of Missouri, more particularly in violation of section 6594-A, Laws of Missouri, 1921. The petition further states:

"That while the building or structure and premises of defendants as aforesaid are and have been in part ostensibly operated by defendants, their agents, servants, employees and associates for the sale of non-intoxicating beverages and as a place where soft drinks and various kinds of foods are sold and served, yet in fact the defendants, their agents, servants, employees and associates so use the premises and all intoxicating liquor and property kept and used in maintaining the aforementioned place so as to constitute a public and common nuisance, and that by reason thereof and also because the conduct of the defendants, their agents, servants, employees and associates is such that large numbers of idle, lawless, dissolute and immoral persons are attracted to the premises; that unseemly conduct and practices demoralizing to good morals and the welfare of the community are permitted and encouraged by the defendants.

"Your relator further states that the violation of the laws against intoxicating liquor and the acts and conduct aforesaid occur and continue from day to day and that a continuation of the above-mentioned public and common nuisance is threatened.

"Your relator further states that all the aforesaid acts are suffered, permitted and done with the knowledge and consent of the owner of the premises hereinbefore described, the said Robert A. Uihlein, a defendant in this action.

"Your relator further states that the State of Missouri has no adequate remedy at law except by the power given by the law to this court as a Court of Equity in reference to injunctions.

"WHEREFORE: Your relator prays this court to declare the premises herein described, operated and maintained by the defendants, their agents, servants, employees, tenants, associates and confederates to be a public and common nuisance and an offense against the public order and economy of this State; that the said defendants, their servants, agents, employees, associates and confederates be perpetually restrained and enjoined from in any wise dispensing any liquors containing alcohol or liquors of any nature whatever; from permitting them to operate a cafe or restaurant for the sale or disposition of soft drinks or food; from permitting their said premises or any part of them to be used to attract idle, dissolute, or immoral persons; that the defendants, their servants, agents, employees and associates be perpetually restrained from in any wise using said premises as a place for storing, keeping, selling or bartering intoxicating liquors, and that the said defendants, their agents, servants, employees or associates be enjoined and restrained from using or keeping the said building or structure for any purpose whatever for a period of one year.

"And your relator further prays in the interest of public morals and the enforcement of the laws that the defendants, their agents, servants, employees and associates immediately be restrained from continuing the acts and things hereinbefore complained of, and that a temporary injunction be so granted pending the final hearing of the cause and also a temporary injunction be granted restraining defendants and all other persons from removing or in any other way interfering with the liquor or fixtures on said premises which constitute a nuisance, and for such other relief as to the court may seem meet and proper.

"Du Val Smith,

"Prosecuting Attorney within and for Buchanan County, Missouri."

Thereafter, and on April 15, 1925, a temporary injunction was granted upon the petition so presented, in which defendants, their servants, agents, employees and confederates, were enjoined from remaining, or in any way interfering with the liquor and fixtures, upon said premises, described in the petition, as "Lot 3, Block 41, Old Town, an addition to the city of St. Joseph, Buchanan county, Mo.," and from manufacturing, selling, giving away, storing, keeping or bartering intoxicating liquor containing in excess of one-half of one per cent of alcohol by volume on the premises so described; from selling nonintoxicating beverages and soft drinks and food on the above-described premises; and from permitting idle, lawless, dissolute and immoral persons from congregating on said premises.

724

Service of said temporary injunction was timely served upon defendant N. L. Empie on April 15, 1925. On May 5, 1925, defendant Empie filed answer consisting of a general denial, and asked that the temporary injunction and restraining order be dissolved. On May 11, 1925, the prosecuting attorney of Buchanan county filed application for citation to show cause, charging that on April 26, 1925, defendant Empie was arrested by the police officers of the city of St. Joseph; that in his possession was found one pint of whiskey and four pints of beer; that on May 7, 1925, said defendant again was arrested by said police officers at his premises known as the Elms Hotel in said city, and that in his possession were found a gallon and also a pint of whiskey, besides a large quantity of alcohol; that both of said searches were made under search warrant duly and legally issued. The application further states that while temporary injunction was in full force, defendant Empie removed, or caused to be removed, from said premises certain fixtures he had been keeping thereon; all in disobedience of, and contrary to the said temporary injunction. Based upon the premises so stated a citation was asked against Empie directing him to appear and show cause why he should not be punished for contempt for thus disobeying the orders of the court.

In accordance with the said application, the court issued a citation against defendant Empie which was duly served, and on May 16, 1925, the cause came up for hearing before the court. The State introduced evidence in support of the charges made in the application for citation and defendant introduced evidence in his own behalf in refutation of the said charges. On May 27, 1925, after hearing all the evidence, the court adjudged defendant Empie in wilful and intentional contempt as follows:

"By wilfully and intentionally keeping, selling, dispensing, bartering and keeping for sale intoxicating liquors containing in excess of one-half of one per cent of alcohol by volume, and also by removing from the said premises known as the Elms Hotel, located as aforesaid, fixtures from the said premises aforesaid, all while the said temporary injunction was in full force and effect and in wilful and intentional violation of the terms thereof.

"WHEREOF: The court does find the defendant, N. L. Empie, guilty of the wilful and intentional violation of the terms of the restraining order as aforesaid, thereby guilty of contempt of this court as charged in the citation and as set forth aforesaid and at the time, place and manner related in said citation.

"It is therefore ordered and adjudged that the said N. L. Empie be committed to the county jail of Buchanan county, in the State of Missouri, for a term of sixty days."

Timely motions for a new trial and in arrest were overruled and defendant appeals.

It is charged the court erred in finding defendant guilty of contempt for the reason the affidavit or complaint upon which said proceeding was instituted did not state facts sufficient to constitute a cause of action against defendant, and does not charge the defendant with any acts of contempt which the court has jurisdiction to punish. It is urged that the fact that defendant was arrested with liquor in his possession could not, and cannot, be held as a wilful violation of the injunction, as issued by the court; nor can the allegation that fixtures located on the premises had been removed constitute a contempt of the injunction, unless such fixtures were used in connection with the business enjoined, and the act was wilfully done.

It is argued that in a proceeding for the punishment of a constructive contempt (i. e. one committed out of the presence of the court) the affidavit stating the facts constituting the basis of the complaint must show on its face a contempt of court and sufficient facts to constitute such alleged contempt, and that if it does not, the court is without jurisdiction, and the order and decree of contempt is void. Defendant cites a long line of decisions in support of the rule thus urged by him. Both the argument and the citations set forth such a well-established principle of law that a discussion thereof would seem to be unwarranted. Such being the law, it is necessary to determine whether the affidavit upon which the contempt proceeding is based is, in fact, sufficient. Section 2362, Revised Statutes 1919, relating to commitment for contempt, is as follows:

"Whenever any person shall be committed for any contempt specified in this chapter, the particular circumstances of his offense shall be set forth in the order or warrant of commitment."

While we do not understand that plaintiff attacks the sufficiency of the warrant of commitment, yet, as the said warrant follows generally the wording of the affidavit upon which it is based, any weakness in the affidavit would necessarily be reflected in the warrant. The general rule in this respect is found in 13 C. J., p. 64, section 89, as follows:

"Since a person accused of contempt committed out of the presence of the court or judge is entitled to be informed of the nature and cause of the accusation against him, the initiatory information or affidavit is jurisdictional . . . While there is no prescribed form for the information or affidavit, all authorities agree that the charging paper must show on its face facts sufficient to constitute a contempt . . . an allegation of the acts done in violation of it being sufficient."

The purpose of the affidavit, it must be concluded, is to inform defendant of the nature of the acts constituting the offense with which

he is charged, and where the citation for contempt embodies the information filed by the prosecuting attorney, the citation alone is sufficient to give the accused information of the offense with which he is charged. [In re Ellison, 256 Mo. 378, 165 S. W. 987; Poindexter et al. v. State (Ark.), 159 S. W. 197.]

In the case at bar it is observed the affidavit sets forth the issuing of the injunction, gives the substance of the injunction, alleges that it was properly served on defendant, and sets out in detail the several acts constituting the contempt. The affidavit, after reciting in detail the acts constituting the contempt, then states:

"All in disobedience and contrary to the said temporary injunction and order issued by this court on the 14th day of April aforesaid."

The word "all" as here used must be construed as referring to the different acts complained of in the clause preceding. The injunction, among other things, enjoined defendant from keeping intoxicating liquors; therefore when the affidavit alleged that on two different dates the defendant had intoxicating liquor in his possession on the premises, we may reasonably conclude that a violation of the injunction is charged.

It is well to note, also, that the injunction forbids defendant to remove any fixtures from the place; the affidavit specifically charges that defendant did remove from the enjoined premises certain fixtures. We think this is quite sufficient to inform defendant of the charge he was called to meet and is in conformity with the requirements of the injunction.

It is charged that in the commitment, the court finds that defendant "wilfully and intentionally violated the injunctions in that he wilfully and intentionally kept for sale intoxicating liquors. . . ."

Defendant argues that the evidence does not support such a finding and that the finding is broader than the charge. While there is no evidence of record to support a finding that defendant sold liquor, there is ample evidence that he kept liquor and that it was found on his premises and on his person. The finding of the court is to the effect that the defendant "kept" liquor.

It must be noted, also, that the injunction forbade defendant from removing any fixtures. There is evidence that defendant did remove fixtures from the enjoined premises while the temporary injunction was in force. We think the fact, if it is a fact, that the fixtures removed were not used in the business enjoined, is not conclusive, because the order enjoined the removal of any fixtures from the premises. Defendant testified that he did have certain fixtures removed and admitted that intoxicating liquor was found, not only on the enjoined premises but on his person. Defendant attempts to explain the presence of liquor on the premises by saying someone put it there

"unbeknown" to him. Of course this explanation of defendant might, or might not, have been believed by the court and it seems the court did not believe.. The testimony shows there was no evidence of a sale, but there are circumstances in evidence from which the court reasonably conclude that liquor was kept for sale by defendant. On the occasion of one of the raids on his place defendant was present in the bar room; on two occasions liquor in large quantities was found secreted and there was found also a fluid used in coloring liquor. This evidence must have been considered by the court as a sufficient showing that liquor was kept for sale in violation of the injunction. We think the fact that the commitment contains a recital of some findings not affirmatively supported by the evidence and not embraced within the pleadings does not render the commitment fatally defective, so long as there is evidence of a direct violation of some of the matters forbidden in the injunction. Therefore we shall not disturb the finding of the court in this particular. No cases are found in this State bearing directly on this point, but an Iowa case, McMillan v. Anderson, 167 N. W. 599, supports the conclusion we have reached.

Of course we are not bound by the judgment of the lower court, but that court having seen and heard the witnesses is better able to judge of the weight to be given their testimony than are we; and we are loath to disturb its findings, under the circumstances.

It is urged by defendant that this is a proceeding of a criminal nature, and that both the finding and the judgment must be strictly construed. There can be no just fault found with this plain statement of the rule, yet we are unable to say that the trial court in its finding and judgment violated it. It is urged that the evidence must be sufficient to establish defendant's guilt beyond a reasonable doubt, in view of the fact that this is a criminal case. Admitting this to be so, under the facts in evidence we may not say that the trial court did not so treat it in rendering its finding and judgment.

The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.