FAIRWOOD HOMES ASSOCIATION,
Respondent,

v.

Charles D. PIERCE, Appellant.

FAIRWOOD HOMES ASSOCIATION,
Respondent,

v.

Marvin McWHORTER, Appellant.

Nos. KCD 29935, 30117.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

James L. McMullin, Kansas City, for Pierce.

William F. Washburn, Kansas City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

PER CURIAM.

Appeal from final judgment in the alternative of mandatory injunction or that Appellants modify structure to comply with restrictive covenant.

Separate actions were filed against Appellants and the matter was tried to the court upon a stipulation of facts. Appellant McWhorter filed notice of appeal but no brief. The facts, procedures and issues are, from the record, applicable to both Appel-

lants and for purposes of this appeal, the cases are joined.[1]

This being a case of first impression, a brief summary of the facts is necessary.

Respondent is a non-profit corporation organized to conduct business applicable to and within the residential subdivision wherein Appellants reside. As part of its purpose, Respondent is charged with enforcement of restrictive covenants that run with the land.

Prior to the purchase, by Appellants, of their respective properties, Respondent had filed a "Property Owners Association Declaration" with the Recorder of Deeds of Jackson County. This declaration subjected all properties in the Fairwood sub-division, where Appellant Pierce resides, and by its content subjected certain properties in the Robandee subdivision, including the property of Appellant McWhorter, to a "Declaration of Restrictions". This declaration limits the height of structures above the roof of any home. The pertinent portion of this declaration provides:

> "No radio or television aerial wire or structure shall be maintained more than five (5') feet higher than the roof of any structure."

Both Appellants are citizen band (C.B.) enthusiasts, duly licensed and have installed antennas exceeding the five foot maximum height restriction as prescribed in the homeowners declaration.

The trial court ruled that Appellants were to remove the antennas or in the alternative, to modify their design so as not to exceed the restrictive covenant requirement. Only one point is raised by Appellants, alleging:

> "The court erred in granting the injunction directing the Defendant/Appellant to remove his two (2) citizen's band radio antennas, or in the alternative to modify their construction whereby they

would extend only five (5') feet above his residence, for the reason that the Federal Communications Commission's rules permit the Defendant/Appellant's antenna, as installed, and the Federal Communications Commission's rules supercede the restrictions with the land."

There being no authority on this point in our state, the court is left to determine the authority of the Federal Communications Commission as it relates to state law, local laws and ordinances upon the question of zoning and restrictive covenants running with the land.

While the use of C.B. radios has become an accepted part of modern life and continues to be a useful aid in emergency situations, it must be remembered that licensure related to the lawful use and operation of such equipment is limited.

The F.C.C., being a federal agency, derives its authority from Congress. Reference to the Federal Communications Act of 1934, 47 U.S.C. § 151 (1934), provides the purpose and intent of this agency and also includes the limits of its authority as that authority relates to the question raised herein. The act provides the F.C.C. shall have no jurisdiction with regard to "charges, classifications, practices, services, facilities or regulations for or in connection with * * * (any such services) * * * in any case where such matters are subject to regulation by a State commission or by local governmental authority." 47 U.S.C. § 221(b) (1934).[2]

▆▆ Appellants' contention that the F.C.C. has pre-empted this area of authority by the mere granting of a C.B. radio license is without merit and it is hereby declared that the state and local governing agencies do have authority over local zoning and property restrictions, inclusive of restrictive covenants running with the land whereby

1. See Fairwood Homes Association v. Pierce (# KCD 29935), Circuit Court of Jackson County, Missouri No. CV77–2073 and Fairwood Homes Association v. McWhorter (# KCD 30117) Circuit Court of Jackson County, Missouri No. CV76–4028.

2. See also Presnell v. Leslie, 3 N.Y.2d 384, 165 N.Y.S.2d 488, 144 N.E.2d 381 (N.Y.Ct.App. 1957); Skinner v. Zoning Bd. of Adjustment of the Township of Cherry Hill, 80 N.J.Super. 380, 193 A.2d 861 (1963); Annot., 92 A.L.R.2d 878.

the parties have actual or valid constructive notice of such covenants and further provided all other requirements related to such restrictive covenants under our law have been met.

While neither Appellants nor Respondent provided the court with any reference on the question of validity of covenants running with the land, see *Hall v. American Oil Company*, 504 S.W.2d 313 (Mo.App.1973), *Lake Saint Louis Community Ass'n v. Kamper*, 503 S.W.2d 447 (Mo.App.1973) and *Greenberg v. Koslow*, 475 S.W.2d 434 (Mo. App.1971).

Judgment affirmed.

