Benedict H. KOHLLEPPEL, Jr., Dorothy L. Kohlleppel, (Appellants),

v.

H. Wayne OWENS, Ruth E. Owens, (Respondents).

No. WD 33149.

Missouri Court of Appeals, Western District.

Dec. 21, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 1, 1983.

Application to Transfer Denied March 29, 1983.

Theodore M. Kranitz, St. Joseph, for appellants.

Larry L. Zahnd, Maryville, for respondents.

Before SOMERVILLE, C.J., CLARK, J., and MOORE, Senior Judge.

CLARK, Judge.

In this litigation over disputed easement and user rights between adjoining owners of farmland, an earlier judgment declared respondents Owens entitled to maintain and

use an access road, an ancillary fence and drainage ditch across Kohlleppel land. Subsequently, the Kohlleppels were charged with violating the terms of the judgment by interfering with use by the Owenses of the road and were cited by the trial court for contempt. Kohlleppels here appeal from the judgment of contempt which awarded damages to the Owenses and ordered the Kohlleppels, husband and wife, to serve a jail term of 60 days. Reversed.

Since 1977, the dispute between appellants and respondents over their farm boundaries has persisted in this litigation. Earlier details of the controversy are reported in *Kohlleppel v. Owens*, 613 S.W.2d 168 (Mo.App.1981) and will not be repeated. It is sufficient to restate that the judgment of the trial court decreeing entitlement of the Owenses to use of the road was affirmed but the judgment awarding the Owenses an easement appurtenant to farm a portion of Kohlleppel land was reversed.

The previous opinion by this court remanded the case with direction that further proceedings be entertained to assess the damages recoverable by the Kohlleppels for the unauthorized use by the Owenses of an area of the Kohlleppel farm and to modify the judgment and enter final judgment in accordance with the opinion. The mandate of this court issued April 3, 1981, but the trial court failed to act and its prior judgment remained unmodified.

The dispute between the parties continued with action and counter-action by each upon the contested ground. On May 18, 1981, the Kohlleppels filed a motion directing the attention of the trial court to its failure to act on the mandate. The motion sought modification of the prior judgment in accordance with the opinion of this court, enjoinder of the acts of the Owenses exceeding the easement boundary and the setting of a trial date for ascertainment of damages to be awarded the Kohlleppels, as the opinion had required. The Owenses responded on May 29, 1981 with a "Motion To Hold Plaintiffs In Contempt of Court." This motion asserted that the Kohlleppels had performed construction work on their own land, the result of which was to threaten destruction of the easement roadway by erosion. The Owenses asked damages for their expenses in restoring the roadway and punishment of the Kohlleppels by a jail term.

The trial court conducted a hearing on the pending motions on June 1, 1981. Although only counsel were present and no evidence was taken, the court purported to determine all issues raised by the Kohlleppels' motion. By order entered on that date, the court modified its prior judgment by deleting the award to the Owenses of the easement appurtenant in conformity with the opinion on the appeal reversing that portion of the earlier judgment. As to the issue of damages recoverable by the Kohlleppels, the court provided no opportunity for introduction of evidence but found from "the pleadings, the law and the evidence heretofore adduced" that damages for use of Kohlleppel land from 1972 to 1978 were in the amount of $30.00 a year and entered judgment against the Owenses for $210.00. Sua sponte and not responsive to relief claimed in either motion, the court also declared in its June 1, 1981 order that Kohlleppels be restrained and enjoined from interfering with the rights of the Owenses awarded in the original judgment as modified by deletion of the farming rights under the easement appurtenant.

Although the motion by the Owenses to hold the Kohlleppels in contempt was also noticed for disposition on June 1, the formal order described above made no mention of that subject. The minute entry by the court on its docket sheet for that date, however, shows trial on the contempt charge scheduled for June 9, 1981. Of course, as noted above, the Kohlleppels were not present in court on June 1, 1981, no order in connection with the purported contempt proceedings had issued and the Kohlleppels had not been served. At this point, on motion by the Kohlleppels, Judge Montgomery Wilson was recused and further proceedings were before Associate Circuit Judge John H. Fraze assigned to the circuit by temporary transfer.

A hearing on the Owens' motion to hold the Kohlleppels in contempt was not conducted. The motion was tacitly abandoned when the Owenses filed a petition for a show cause order on July 17, 1981. That petition incorporated substantially the allegations of the earlier motion and sought relief by requiring the Kohlleppels to restore certain drainage and terraces, for payment of damages and attorneys fees and the assessment of fines and a jail term, all to follow upon failure of the Kohlleppels to show cause why such punishment should not be imposed. The court issued its order to show cause based on the Owenses' petition, copies were served on the Kohlleppels and a hearing was conducted August 21, 1981. The judgment of contempt was rendered September 24, 1981 and from that judgment this appeal is prosecuted.

The judgment of contempt ordered the Kohlleppels confined in the Nodaway County Jail for a term of 60 days, but deferred issuance of an order for commitment for a period of three weeks. Pending issuance of the commitment order, the Kohlleppels were granted the opportunity to purge themselves of contempt by paying damages to the Owenses in the amount of $2500.00. That sum was calculated to consist of $1500.00, the estimated cost to restore the terraces and drainage ditch, and $1000.00 attorneys fees. The judgment indicated that incarceration of the Kohlleppels would follow if the damages were not paid in the time allotted, but their obligation for payment of the damages apparently ceased under the judgment once their term of imprisonment commenced. In effect, therefore, the Kohlleppels were given the alternative of paying the damages or serving the jail sentence.

A number of recent opinions, including those hereafter cited, have addressed in detail the substantive concepts and procedural aspects of contempt. The judgment in this case, deficient as it is in fundamental requisites, indicates a need to retrace the same ground and restate the basic law controlling in this area.

Appellants' contentions on appeal first assert that the order to show cause was insufficient to invest the court with jurisdiction to proceed because the order failed to state what conduct was alleged to be contumacious. The order provided as follows:

## ORDER TO SHOW CAUSE

TO: Benedict H. Kohlleppel, Jr.
DOROTHY L. Kohlleppel
Parnell, Missouri

You are hereby ordered to show cause at 9:00 A.M. on the 6th day of August, 1981, at the Circuit Courtroom in the Nodaway County Courthouse in Maryville, Nodaway County, Missouri, why you should not be adjudged in contempt for an alleged violation of the injunctions entered on the Defendants Counterclaims rendered on the 15th day of March, 1979, in the above entitled action, which injunction provided as follows:

(Here follow, verbatim, the adjudicatory provisions of the earlier judgment in five paragraphs)

Copies of the Judgment dated March 15, 1979, and Modification dated June 1, 1981, are attached.

Dated this 17th day of July, 1981.

/s/John H. Fraze
Special Judge
Circuit Court, Nodaway County
Division I

It is significant to note that the above order did not purport to recite any acts by the Kohlleppels contended to be violative of the judgment previously entered nor did it specify which of the several adjudicatory orders had not been observed. Moreover, the order to show cause was silent as to when and where the contumacious acts had occurred. Although the order was presumably responsive to the petition filed by the Owenses on the same date, the order made no reference to the petition and did not purport to incorporate by reference any factual allegations of that petition.

Section 476.130, RSMo 1978 provides that in cases of contempt not committed in the immediate view and presence of the court, the party charged shall be notified of the accusation and have a reasonable time to make his defense. In *Jafarian-Kerman v.*

*Jafarian-Kerman,* 424 S.W.2d 333 (Mo.App. 1967), this court noted that even civil contempts are considered to be criminal in nature because of prospective loss of liberty and that the notice described in the statute is one which will fairly and fully enable the party cited to know the specific acts he is charged with and be thereby enabled to prepare his defense.

 The notice in the subject case quoted above is patently defective for several reasons. In the first place, it is directed to two persons, but it makes no pretext of indicating what violation of the injunctions was committed separately, if any, or whether the accused persons acted in concert or whether some derivative responsibility is claimed to attach to one accused because of the conduct of the other. Secondly, the order describes no specific acts and indicates no dates or places. The charge that the accused must answer for "an alleged violation of the injunctions" which issued March 15, 1979 therefore requires preparation of a defense as to any act committed by either accused during a period of more than two years and related to a complex order covering easement rights, their use and location, the maintenance of a roadway, the ancillary facilities of ditches and terraces and fencing. The notice was neither fair nor full and provided no reasonable opportunity to prepare a defense. The trial court was therefore without jurisdiction and the order finding appellants in contempt was void. *State ex rel. Smith v. Empie,* 221 Mo.App. 721, 285 S.W.2d 765 (1926).

Respondents Owens argue, however, that appellants had received a copy of the petition filed by the Owenses, that the petition contained detailed recitations of the violations contended to have been committed and that appellants were fully aware of the charges to be defended at the hearing. Citing cases which hold the notice in contempt cases need not be in one document, respondents contend the two papers, the motion and the order, suffice to provide the notice the statute requires.

The contention made by respondents ascribes a laxity to contempt procedure inappropriate to the seriousness of the subject. Even were the allegations of the Owens' motion to contain the specificity requisite to a charging document in contempt, which they do not, there was no adoption by the court of the motion allegations to support the citation. In fact, the citation makes no mention of the motion whatever. The inference respondents draw is simply that. A charge which may result in a judgment of imprisonment is not sufficient if its content depends on inference, surmise or conjecture. The mere fact the accused may have known the nature of the proceeding from sources other than the notice is not an acceptable substitute for the mandatory notice. *Ex Parte Neal,* 507 S.W.2d 674 (Mo. App.1974).

The jurisdictional defect resulting from the deficient notice suffices to conclude this appeal and other errors cited by appellants will not be noticed.

The judgment is reversed and appellants are ordered discharged.

All concur.