John TAYLOR, Plaintiff–Appellant,

v.

CITY OF PAGEDALE,
Defendant–Counterclaimant,
Respondent,

v.

TAYLOR'S TOWING & STORAGE, INC.,
Counterclaimant–Defendant–Appellant.

No. 52498.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 10, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 1988.

Gerald Michael Dunne, St. Louis, for plaintiff-appellant.

Frank Susman, Clayton, for defendant-counterclaimant, respondent.

KAROHL, Presiding Judge.

John Taylor and Taylor's Towing & Storage, Inc. appeal a circuit court decision granting the City of Pagedale (Pagedale) injunctive relief. Although this action originated when Taylor filed a petition for an injunction against Pagedale his petition was dismissed voluntarily before trial. The case was tried on Pagedale's counterclaim against plaintiff John Taylor and counter-

claim defendant Taylor Towing. For the sake of simplicity, we hereafter refer to Pagedale as plaintiff and Taylor and Taylor Towing as defendants.

Sometime prior to 1979 Taylor obtained a license from Pagedale for an automobile towing and storage operation on leased property at 1450 Kingsland in Pagedale. In 1979 Taylor applied for and received an automobile salvage/junkyard license at the same address. In June, 1980 Taylor renewed all his business licenses. In October, 1980 Pagedale adopted an ordinance prohibiting junkyards in the city.

In April, 1981 Taylor purchased 6898 St. Charles Rock Road, a tract of land adjacent to the leased property. He applied for a junkyard license at this location. Taylor was told to seek a zoning variance, which was granted. The Pagedale Board of Aldermen sued, however, and the circuit court voided the variance. After this Taylor could not get a valid junkyard/storage business license for his property at 6898 St. Charles Rock Road although he continued operating his business at 1450 Kingsland. In 1985, while serving on the Pagedale Board of Aldermen, Taylor applied for and received a *renewal* business license for a junkyard at 6898 St. Charles Rock Road. The parties do not dispute the proposition that issuance of a renewal license is void unless a valid original business license was issued previously. The trial court permanently enjoined operation of a junkyard on this property. This injunction was not appealed.

In April, 1985 Taylor hired Anthony's Plumbing, Sewer and Construction Company to prepare the front portion of the 6898 St. Charles Rock Road lot for construction of a car wash. Anthony's filed a building permit application and Taylor Towing issued a check to pay the permit fees. Building Commissioner Chisholm approved the permit on May 2, 1985. On May 28, 1985 the City Attorney sent Taylor a letter stating that the construction was illegal. Pagedale's argument is although Chisholm issued a building permit, the permit was void because a car wash is not authorized under Chapter 88, the Zoning Ordinance of Pagedale.

On May 31, 1985 Taylor filed a petition seeking a temporary restraining order against Pagedale, which the court granted. On June 24, 1985, the court dissolved the temporary restraining order and denied Taylor's request for injunction. Pagedale proceeded on its counterclaim and request for injunctive relief to prevent a junkyard and construction and operation of a car wash against Taylor and Taylor Towing. On July 10, 1986 Taylor voluntarily dismissed his petition. The court then heard evidence on the counterclaim and decided the issues in favor of Pagedale.

In its findings of fact and conclusions of law the trial court determined that Taylor established a pre-existing nonconforming use of a junkyard at 1450 Kingsland, but *not* at 6898 St. Charles Rock Road. The court also found that Pagedale's zoning ordinance does not permit car washes within the city. The court permanently enjoined Taylor from operating a junkyard at 6898 St. Charles Rock Road and from constructing and operating a car wash at that location. This appeal followed.

Taylor and Taylor Towing *only* appeal the issuance of an injunction against the construction and operation of the car wash. The injunction prohibiting operation of an automobile salvage/junkyard at 6898 St. Charles Rock Road is not appealed and is therefore final. Their argument does not challenge the validity of Pagedale's zoning ordinance, merely the interpretation of its language. They contend the zoning ordinance permits a car wash on land in a commercially-zoned district under the permitted use of a public garage. This presents a pure question of law. Under *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976) the trial court's judgment will be sustained unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. Statutory construction is a question of law not fact, and when the trial court rules on a question of law, it is not a matter of discretion. *State ex rel. Igoe v. Bradford,* 611

S.W.2d 343, 350 (Mo.App.1980). Deference to a judgment of the trial court does not obtain when the law has been erroneously declared or applied. *Rouggly v. Whitman,* 592 S.W.2d 516, 519 (Mo.App.1979).

The sole issue on appeal is whether the trial court misinterpreted the Pagedale zoning ordinance in concluding that a car wash is not a permitted use. The principles of construction of a zoning ordinance were noted in *Coots v. J.A. Tobin Constr. Co.,* 634 S.W.2d 249 (Mo.App.1982):

(1) The determination of what uses are permitted under a zoning ordinance must be made on the basis of the wording of the particular ordinance and the context in which it occurs;

(2) The basic rule of statutory construction is to seek the intention of the legislators and, if possible, to effectuate that intention;

(3) Legislative intent must be ascertained by giving the word an ordinary, plain and natural meaning, by considering the entire act and its purposes, by seeking to avoid an unjust, absurd, unreasonable or oppressive result;

(4) Zoning ordinances, being in derogation of common law property rights, are to be strictly construed in favor of the property owner against the zoning authority;

(5) Where a term in a zoning ordinance is susceptible of more than one interpretation, the courts are to give weight to the interpretation that, while still within the confines of the term, is least restrictive upon the rights of the property owner to use his land as he wishes;

(6) The interpretation placed upon a zoning ordinance by the body in charge of its enactment and application is entitled to great weight. *Id.* at 251–252.

The relevant definitions of Pagedale's zoning ordinance, Section 1 of Ordinance 88, are:

*GARAGE, PRIVATE:* A garage with capacity of not more than (2) self-propelled vehicles for storage only. Provided, however, a private garage may exceed a two (2) vehicle capacity if the lot whereon such a garage is located contains not less than one-half (½) acre for each vehicle stored.

*GARAGE, PUBLIC:* Any premises, except those described as a private garage, used for the storage or care of self-propelled vehicles.

■ Although "garage" in its generic sense was defined previously by this court to be "a place for housing automobiles", *Rhodes v. A. Moll Grocer Co.,* 95 S.W.2d 837, 841 (Mo.App.1936) we must use the definition of garage as defined in the Pagedale Zoning Ordinance. The first principle under *Coots* requires an interpretation of the particular ordinance and the context in which it occurs. The city described a private garage to include only storage. Immediately thereafter it defines public garage to include storage or care. Taylor and Taylor Towing argue that the function of a car wash is to care for self-propelled vehicles and, therefore, a car wash is a permitted use. Pagedale argues that the plain ordinary and natural meaning of garage is exclusive of a car wash. Pagedale characterizes appellants' argument "to conclude that anywhere a car is washed is a public garage." That is not appellants' position. We understand their argument to be that the words "or care" must have a meaning; that the least restrictive application of the permitted use for a public garage includes a use involving care, but not storage of self-propelled vehicles. They conclude that a car wash is a business use of their property for the "care" of self-propelled vehicles although no storage is involved. Applying the *Coots* principles of zoning ordinance interpretation we conclude that a car wash is a permitted use. We reverse only that part of the trial court judgment which enjoined the use of appellant's property as a car wash.

In general Pagedale's argument may be summarized to contend "that a public garage is a building primarily used for storing a vehicle for which a storage charge is levied." That definition finds support in *Rhodes v. A. Moll Grocer Co.,* 95 S.W.2d 837, 841 (Mo.App.1936) and in *Webster's New International Dictionary, Second Edition.* There is no doubt that the city

could have so defined public garage. We find they did not restrict public garage use only to storage. Pagedale chose to include care of self-propelled vehicles and they did so by adding the disjunctive "or" between storage and care. The permitted use for a private garage was for "storage only", but for a public garage "storage or care." The least restrictive interpretation of the definition of public garage supports the view that a car wash is a permitted use. *Coots,* 634 S.W.2d at 252. The ordinary and plain meaning of care includes washing as a permitted use. *Id.* at 251.

Taylor introduced evidence that at least four car washes were, or had been licensed, in similarly zoned districts over a ten year period. As a general rule non-prosecution of others who violate an ordinance is not a defense to one's own prosecution. *Kansas City v. Wilhoit,* 237 S.W.2d 919, 924 (Mo.App.1951). However, evidence that other businesses were allowed to receive licenses and to operate in presumed conformance with ordinance restrictions is admissible as evidence of Pagedale's own interpretation of its zoning provisions. The final tenet of *Coots* is that the interpretation placed on a zoning ordinance by a body who enacts or enforces the ordinance is entitled to great weight. *Coots,* 634 S.W.2d at 252. The subject property and those on which the city has permitted a car wash lie in a "C" commercial district. Under the ordinance public garages are permitted uses. There is no mention of a car wash for this zoned district in the zoning ordinance. It follows that Pagedale has previously and uniformly interpreted its own ordinance to allow car washes as a permitted use as the city defined public garage in the zoning ordinance for "C" districts.

Following the principles set forth in *Coots,* we conclude that the court erred as a matter of law in interpreting the definition of public garage in Pagedale's Zoning Ordinance to exclude a car wash as a permitted use.

This appeal involves a second issue relating to the Pagedale ordinance requiring a permit for excavation. The record indicates that the car wash is fully constructed. The ordinance relates to a requirement for permits for excavation "in any street, sidewalk, or alley" of the city. Any excavation to connect to water mains or underground utility lines not on private property would require an excavation permit under this ordinance. By its terms, this ordinance does not apply to excavation for construction wholly within private property. Presumably a building permit would be required for construction excavation. Some prohibited excavation occurred in the street adjacent to 6898 St. Charles Rock Rock. However, the permanent injunction in the decree served only to enjoin excavation which had not been completed. We consider the issue was moot at the time of trial. If, however, it is not moot, the parties' position may be examined in the light of our decision holding construction of a car wash to be a permitted use.

We are not asked and do not decide whether Taylor or Taylor Towing & Storage Inc. is entitled to a business license to operate the car wash, unless they first comply with Pagedale's building code regulations, permit and license requirements. We hold only that Taylor's car wash is a permitted use under the zoning ordinance of the City of Pagedale because the definition of "public garage" in the ordinance is sufficiently broad to include that use.

The injunction against operation of a salvage yard is affirmed. The injunction against the use of the property at 6898 St. Charles Rock Road as a car wash is reversed. The remaining trial court orders are either not appealed or are found to be moot. Costs against respondent.

SMITH and KELLY, JJ., concur.