**CITY OF PAGEDALE, Missouri,
a municipal corporation,
Plaintiff–Respondent,**

v.

**John TAYLOR, and Taylor Towing
& Storage, Inc., a corporation,
Defendants–Appellants.**

**No. 59316.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 5, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 3, 1992.

Application to Transfer Denied
July 21, 1992.

Gerald Michael Dunne, James F. Koester, Inc., St. Louis, for defendants-appellants.

Randall B. Kahn, Frank Susman, Susman, Schermer, Rimmel & Shifrin, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

John Taylor and Taylor Towing and Storage, Inc. appeal from a judgment of civil contempt and an order of commitment for John Taylor only. The court entered a

warrant of commitment for John Taylor to be imprisoned when he failed to comply with the judgment of contempt entered on September 13, 1990. That judgment included payment of a fine. We granted leave to file a late notice of appeal. Taylor has been free on bond pending resolution of this appeal. We affirm.

This dispute has been before us on two prior occasions. *See Taylor v. City of Pagedale,* 746 S.W.2d 576 (Mo.App.1987) and *City of Pagedale v. Taylor,* 790 S.W.2d 516 (Mo.App.1990) for a more complete factual description of the dispute. The motion for contempt which constitutes the subject of the present appeal was filed on June 6, 1990. On the same day the court entered an order to show cause based upon that motion. It attached to the order a copy of the motion and incorporated it by reference in the order. Defendants moved for dismissal of the order to show cause on the basis that the motion and order failed to cite specific acts in violation of previous court orders so as to permit preparation of a defense. Further, defendants sought dismissal because the motion and order were directed at both defendants without "pretext of indicating what violation of the injunction was committed separately, if any, or whether the accused persons acted in concert or whether some derivative responsibility is claimed to attach to one accused because of the conduct of the other." The quoted language was intended apparently to bring the case within the holding of *Kohlleppel v. Owens,* 646 S.W.2d 860 (Mo. App.1982) [1]. The record does not indicate that the motion to dismiss was ever ruled on by the court, but we conclude that it was overruled by implication when the court heard evidence on the City's motion for contempt on August 16, 1990.

The court entered a judgment of civil contempt on September 13, 1990, finding both defendants in violation of "this Court's orders of October 28, 1986, and July 5, 1989." Neither the motion for contempt nor the order to show cause made reference to the July 5, 1989 order of the court. We treat that portion of the finding as surplusage and review the judgment on the basis of violations of the 1986 order.

Taylor was sentenced to imprisonment to begin on September 27, 1990, "until such time as he elects to adhere fully to the Court orders of October 28, 1986 and July 5, 1989, unless full and total compliance of this Order prior to said date is reported to this court by plaintiff's counsel." The court ordered defendants, jointly and severally, to pay $11,000 to the City of Pagedale pursuant to the previous order of July 5, 1989, $5103 for attorney's fees and costs, and $1000 per day until defendants elect to adhere fully and continually to the October 28, 1986 injunctions.

A warrant and commitment order for John Taylor was issued by the court on October 11, 1990. He posted bond and filed this appeal. No enforcement order against Taylor Towing and Storage, Inc. has been entered. The appeal of that entity is accordingly dismissed. *City of Pagedale v. Taylor, supra* at [3].

Criminal contempt proceedings are governed by Rule 36.01. Civil contempts, as this is, are considered to be criminal in nature because of prospective loss of liberty and the notice prescribed for criminal contempt is equally applicable to civil contempt. *Kohlleppel v. Owens, supra,* l.c. 863. The notice must include (1) the time and place of the hearing, (2) the essential facts constituting the contempt charged, and (3) a description of the charge as contempt. *State ex rel. O'Brien v. Moreland,* 778 S.W.2d 400 (Mo.App.1989) l.c. 402. Although the notice constituting the charge of contempt, a *sui generis* proceeding, need not meet the specificity and technical requirements of an indictment or information, it must sufficiently advise the alleged contemnor of the actions which it is claimed constitute the contempt. The notice must be such as to fairly and fully inform the accused of the specific acts of contempt with which he is charged. *Id.* at [1].

The motion for contempt, incorporated into the order to show cause, contained eleven alleged violations of the October 28, 1986 judgment. We set forth in full the first of those allegations which is typical,

except for date and number of vehicles, of the remaining ten.

"3. Since October 28, 1986, to date, Defendants have continually operated a junk yard and/or automobile salvage yard, as defined in Ordinance No. 660 of City, at the Subject Property in violation of said "Findings, Conclusions and Judgment.""

"Specifically, Defendants violated said "Findings, Conclusions and Judgment" on the following dates and in the following manner:

"a. On November 30, 1989, at 2:00 p.m., approximately 470 automobiles or motor vehicles of any kind for the purpose of either wrecking, dismantling, taking apart, removing parts therefrom or salvaging either automobiles or motor vehicles or parts thereof whether for resale, reuse or other disposition and used automotive parts or equipment on any yard, lot, premises, parcel or tract of land, as defined in Ordinance No. 660, were found on Subject Property known and numbered as 6869 St. Charles Rock Road, being more fully described in deed recorded in Book 7321, Page 659 of the St. Louis County Recorder of Deeds;"[1]

■ The specifications identify with particularity the date and time of the alleged violations. They further describe unartfully but with particularity the condition of the premises reflecting the use of those premises for a junk yard or an automobile salvage yard, uses prohibited under the city ordinance and under the judgment of 1986. It is alleged elsewhere in the motion that John Taylor is the sole owner of the subject property. Defendant's main attack on the motion is that it does not separately charge him with specific conduct but groups he and the corporation together. Invoking the *Kohlleppel* and *O'Brien*

cases, *supra,* he asserts that the failure to individualize which defendant was responsible for the use of the premises in the improper manner makes the motion to show cause insufficient to give him notice of the acts of contempt. This contention overlooks the fact that John Taylor was alleged to be the sole owner of the property. He was enjoined as the owner of the property from its use for a prohibited purpose. It was not necessary to establish that Taylor was the person responsible for the improper use of the premises; it was necessary only to establish his ownership, that the property was being utilized improperly by someone, and possibly that Taylor had knowledge of that use. The motion is sufficient to charge these necessary elements. The corporation was identified as having its place of business on the subject property and John Taylor was identified as the sole owner of the corporation and as a resident of St. Louis County. The number of vehicles alleged to have been found on the premises supports the reasonable inference of knowledge by Taylor of the use of the property.

The cases relied upon by defendant involved specific acts of conduct in violation of the court order but the order to show cause failed to identify the specific act or acts which the individual charged committed in violation of the order. Here Taylor, as the owner of the property is charged with the operation of a prohibited use on his property in violation of the court order. The order to show cause and the attached motion for contempt fully and fairly advised Taylor of the conduct which formed the basis for the contempt charge and provided a reasonable opportunity to prepare a defense. Both documents were served on Taylor and both may be examined to determine the sufficiency of the allegations. *Kohlleppel, supra* at [2]; *O'Brien, supra*

---

1. Defendant raised in his reply brief for the first time that the address utilized in the specifications, "6869 St. Charles Rock Road", is not the address of the property which he owns, that the address is actually "6898 St. Charles Rock Road". Matters raised for the first time in a reply brief are not considered. Further it is apparent that the address utilized was a typographical error. The motion identifies the property owned by Taylor to be 6898 St. Charles

Rock Road and referred to that property as "Subject Property". The order to show cause referred to the property involved as 6898 St. Charles Rock Road. The testimony at trial all related to the property owned by Taylor and no issue was raised concerning the address utilized in the specifications. The defendant was not misled or prejudiced in any way by the typographical error in the specifications.

at [2]. We find no insufficiency in the order to show cause.

■ Taylor also contends he was entitled to a jury trial. This was civil contempt not criminal. He therefore carries the key to his release in his pocket. He was not entitled to a jury trial. *Division of Employment Security v. Weaver*, 614 S.W.2d 729 (Mo.App.1981) [2–8].

Taylor makes several additional challenges to the judgment. We have carefully reviewed these contentions and find them to be without merit. The evidence at the hearing, including that of Taylor himself, clearly established that Taylor was operating a junk yard and auto salvage yard on the premises in violation of the court order. Taylor defended the use of the property for that purpose on the basis that the vehicles involved were removed at the end of the day to an adjacent tract of land which could be utilized for auto salvage as a pre-existing non-conforming use. That the land in question was only used in violation of the court order during the daytime is no defense.

■ The July 5, 1989 order was not included in the charging documents as an order which Taylor was disobeying. The judgment of contempt therefore cannot be based on violation of that order nor may Taylor be required by the judgment to comply with that order in order to purge himself of contempt. Reference to the order of July 5, 1989 is ordered stricken from page 2 lines 16 and 25 and 26 of the judgment of contempt and from paragraph 4 page 2 of the commitment order. We find no error in the court imposing the $11,000 fine previously assessed in this contempt judgment.

The judgment is affirmed as amended. Appeal of Taylor Towing & Storage, Inc. is dismissed.

AHRENS, J., concurs.

KAROHL, J., dissents in separate dissenting opinion.

KAROHL, Judge, dissenting.

The majority opinion holds the judgment entered is defective by finding defendants are in violation of a July 5, 1989, order which was not referenced in the motion for contempt or order to show cause. The enforcement order also incorporates the July 5, 1989, order. Thus, a new enforcement order must be considered and entered if appropriate. With this I concur. I must respectfully dissent, however, from the court's ruling the pleadings were sufficient to support a judgment against John Taylor individually. The order to show cause and attached motion for contempt do not fully and fairly inform John Taylor of the conduct which is the basis for the contempt charge against him personally, nor do they provide him with a reasonable opportunity to prepare a defense. The contempt proceeding was based on the following pleading:

### AMENDED MOTION FOR CIVIL CONTEMPT

COMES NOW Plaintiff, City of Pagedale, Missouri (hereafter "City"), and for its Amended Motion for Civil Contempt against Defendants John Taylor and Taylor Towing & Storage, Inc. (hereafter "Defendants") states:

1. On or about October 28, 1986, this court issued its "Findings, Conclusions and Judgment," providing in relevant part:

A. City is a fourth-class City located in St. Louis County, Missouri and existing pursuant to Chapter 79 of the Revised Statutes of Missouri.

B. Taylor is a resident of St. Louis County, Missouri.

C. Taylor is the sole owner of the property located at 6898 St. Charles Rock Road within the City (hereafter "Subject Property"), having acquired title on April 1, 1981, by deed recorded at Book 7321, page 659 of the St. Louis County Recorder of Deeds.

D. Taylor's Towing is a Missouri corporation in good standing with its principal place of business located at Subject Property.

E. Taylor is the sole shareholder of Taylor Towing.

34. John Taylor and Taylor's Towing & Storage, Inc. are permanently enjoined and restrained from the operation of a junkyard and/or automobile salvage yard, as defined in Ordinance No. 660, at the Subject Property known and numbered as 6898 St. Charles Rock Road, being more fully described in deed recorded in Book 7321, Page 659, of the St. Louis County Recorder of Deeds. The Subject Property is the property acquired by Taylor, subsequent to enactment of City Ordinance No. 660 and upon which neither Taylor nor Taylor's Towing & Storage, Inc. has ever lawfully contacted any significant activity of such business.

2. Said "Findings, Conclusions and Judgment" remains in full force and effect, without benefit of any judicial stay.

3. Since October 28, 1986, to date, Defendants have continually operated junk yard and/or automobile salvage yard, as defined in Ordinance No. 660 of City, at the Subject Property in violation of said "Findings, Conclusions and Judgment."

Specifically, Defendants violated said "Findings, Conclusions and Judgment" on the following dates and in the following manner:

a. On November 30, 1989, at 2:00 p.m., approximately 470 automobiles or motor vehicles of any kind for the purpose of either wrecking, dismantling, taking apart, removing parts therefrom or salvaging either automobiles or motor vehicles or parts thereof whether for resale, reuse or other disposition and used automobile parts or equipment on any yard, lot, premises, parcel or tract of land, as defined in Ordinance No. 660, were found on Subject Property known and numbered as 6869 St. Charles Rock Road, being more fully described in deed recorded in Book 7321, Page 659 of the St. Louis County Recorder of Deeds;

[b.-k. are similar but involve other dates and variations not material to our decision.]

4. Said acts of Defendants constitute contempt of this Court's prior "Findings, Conclusions and Judgment" and are a direct affront to this Court's authority.

WHEREFORE, City prays for an Order holding Defendants in civil contempt and that the appropriate sanctions be imposed and further, that this Court award to City from Defendants its costs and attorney's fees herein incurred.

The court then issued an order to show cause based upon the above motion. It states:

### ORDER TO SHOW CAUSE

WHEREAS, Plaintiff, City of Pagedale, Missouri, has filed a Motion for Civil Contempt in the above-entitled cause, a copy of which is attached hereto and made a part hereof, charging that you have failed to comply with the Court's "Findings, Conclusions and Judgment" filed herein on or about October 28, 1986, in respect to the operation of a junkyard and/or automobile salvage yard at 6898 St. Charles Rock Road, St. Louis, Missouri 63133, as defined in Plaintiff's Ordinance No. 660. Counsel for Defendants has agreed to accept service on behalf of Defendants.

WHEREFORE, you, the said Defendants, are hereby commanded to be and appear before the Circuit Court of St. Louis County, Missouri, on the 6th day of July, 1990, at 10 a.m. in Division No. 5, and to show cause why an Order holding you in contempt should not be entered against you as prayed for in said Motion.

The court entered the following judgment:

### JUDGMENT OF CONTEMPT

Now come the parties hereto, the [C]ity of Pagedale, Missouri, plaintiff in this action for indirect civil contempt, and John Taylor and Taylor's Towing & Storage, Inc., in person and by their attorney; whereupon plaintiff's motion for contempt having been heard and submitted

to this Court, this Court now finds that John Taylor and Taylor's Towing & Storage, Inc.:

1. Had full knowledge of this Court's prior "Findings, Conclusions and Judgment," dated October 28, 1986, by their having fully participated in said action and in subsequent proceedings for contempt brought pursuant to the same; and

2. Had full knowledge of this Court's prior Judgment of Contempt and Commitment Order of *July 5, 1989*,[1] by their having fully participated in said action.

3. After appropriate service of notice of the charges and after a full hearing of these charges, this Court finds that John Taylor and Taylor's Towing & Storage, Inc. are guilty of indirect civil contempt.

4. On November 30, 1989 at 2:00 p.m., December 3, 1989 at 2:00 p.m., December 6, 1989 at 2:00 p.m., December 12, 1989 at 2:00 p.m., December 15, 1989, at 2:00 p.m., April 2, 1990 at 2:00 p.m., April 6, 1990 at 2:00 p.m., April 12, 1990 at 2:00 p.m., April 16, 1990 at 2:00 p.m., May 2, 1990 at 2:00 p.m. and May 7, 1990 at 2:00 p.m., John Taylor and Taylor's Towing & Storage, Inc. placed, stored or kept used automotive parts or equipment and/or placed, stored or kept for the purpose of wrecking, dismantling, taking apart, reuse or salvage, either automobiles, motor vehicles, used automobile parts or equipment therefrom, including, but not limited to, used automotive tires, used automotive engine blocks, used 100+ gallon inoperable fuel tanks, crushed automobiles, and a crusher used to wreck or crush said automobiles, all contrary to the [C]ity of Pagedale Ordinance No. 660 upon the Subject Property, located in 6898 St. Charles Rock Road within the City of Pagedale, Missouri, and more fully described in deed dated April 1, 1981, recorded at Book 7321, Page 659 of the St. Louis County Recorder of Deeds['] Office.

5. John Taylor and Taylor's Towing & Storage, Inc. have the means and ability to pay a fine.

6. John Taylor is the sole owner of Taylor's Towing & Storage, Inc.

In its prior ruling of October 28, 1986, *and July 5, 1989*, this court found "the testimony of TAYLOR to have been not credible in most instances." The Court finds no reasons to characterize differently John Taylor's testimony before it on August 16, 1990.

Therefore to compel compliance with this Court's orders of October 28, 1986, *and July 5, 1989*, a compliance that this court has previously exhausted all reasonable means to accomplish and which John Taylor has used every means to avoid and to violate in a consistent manner which can only be characterized as a flagrant, contumacious and contemptuous affront to this Court's lawful authority [sic], it is hereby ordered:

1. John Taylor is sentenced to imprisonment at the County Jail of St. Louis County, Missouri on Thursday, September 27, 1990, at noon, until such time as he elects to adhere fully to the Court orders of October 28, 1986, *and July 5, 1989*, unless full and total compliance of this Order prior to said date is reported to this Court by plaintiff's counsel; and

2. Defendants, jointly and severally, are ordered to pay to the City of Pagedale, Missouri, $11,000.00 *pursuant to this Court's previous Order of July 5, 1989*, in which Defendants were ordered to pay $1,000.00 per day until Defendants elected to adhere to the original Order of October 28, 1986, directing them to discontinue any violation of Pagedale City Ordinance No. 660. By order of July 5, 1989, this Court retained continuing jurisdiction over this matter for a period of two years. Defendants are given up to September 27, 1990 in which to pay this fine.

---

1. The 1989 order was not within the motion for contempt.

3. To pay the City of Pagedale, Missouri $5,103.00 for attorney's fees and costs sustained as a result of his refusal to abide by said Court Order; and

4. Defendants, jointly and severally, are ordered to pay $1,000.00 per diem until Defendnats [sic] elect to adhere fully and continually to this Court's Order of October 28, 1986, directing them to discontinue any violation of Pagedale City Ordinance No. 660.

Therefore to allow John Taylor and Taylor's Towing & Storage, Inc. to purge themselves in indirect civil contempt, this cause is continued to September 27, 1990 at 9:30 a.m. in Division 5 of the St. Louis County Circuit Court.

IT IS ORDERED THAT John Taylor and Taylor's Towing & Storage, Inc. may purge themselves of indirect civil contempt by paying to the City of Pagedale a total of $16,103.00 representing fines, attorney's fees and costs.

IT IS FURTHER ORDERED THAT if John Taylor or Taylor's Towing & Storage, Inc. fails to purge themselves of this indirect civil contempt, by September 27, 1990, John Taylor will be committed pursuant to this Court's Commitment Order. This Court shall retain continuing jurisdiction over this matter for a period of two years.

Costs taxed against Defendants.

IT IS SO ORDERED.

September 13, 1990.

    (SS)Arthur Litz
    JUDGE

(Our emphasis).

In order to sufficiently apprise the accused of the charges, he must be informed of (1) the time and place of the hearing; (2) the essential facts constituting the contempt charge; and (3) a description of the charge as contempt. *State ex rel. O'Brien v. Moreland*, 778 S.W.2d 400, 402 (Mo.App. 1989). In essence, the motion and show cause order must fairly and fully inform the accused of the specific acts with which *he* is charged so that he may prepare an adequate defense. *Kohlleppel v. Owens*, 646 S.W.2d 860, 863 (Mo.App.1982). These requirements are applicable to civil as well as criminal contempt charges. *Id.* at 863.

My disagreement with the majority is over the specificity required to sufficiently apprise a defendant of the charges. The majority view depends on the matter of law that it is unnecessary to differentiate in this case between the conduct of the corporation and John Taylor individually. The majority asserts by virtue of sole ownership Taylor does not need notice of his individual acts separate from those of the corporation. They claim he was enjoined as the property owner from its prohibited use. I fail to find in the record any indication Taylor was enjoined as the property owner and not in some other capacity. Furthermore, the requisite intent for contempt is the intent to do the specific act prohibited by the court. *See Chemical Fireproofing Corp. v. Bronska*, 553 S.W.2d 710, 716–717 (Mo.App.1977). The majority asserts, without explanation or citation to authority, it is unnecessary for John Taylor to be responsible for the improper use of the premises, it is only necessary he own the property and possibly have knowledge. I fail to understand how one without responsibility for an act or knowledge of an act can be charged with doing the act. It follows therefore, that to sufficiently notify a person charged with contempt, he must be informed of the acts that constitute the contempt performed *by him* or with his knowledge and consent. Only then would counsel for the individual know what evidence is relevant and material to a charge against the individual for purposes of advising defendant or conducting a defense.

Several interpretations can be given to the pleading. It can be said that all of the charged acts on the specified dates were done by Taylor and the corporation jointly. It could be argued the alleged acts were Taylor's own acts individually and for the corporation. It may also be said the motion and order charges some acts were done by the corporation and some by Taylor independently of each other. This possibility is the problem. Acts done by others for the corporation are not automatically the acts of Taylor. When the charging

order is not clear, as in this case, it is void. The court's order must be definite and specific so as to exclude reasonable doubt of its meaning. *Carter County R–1 School Dist. v. Palmer*, 627 S.W.2d 664, 665 (Mo. App.1982). If it is possible to meet the requirement for definiteness in a single charging paragraph directed at two defendants this motion did not satisfy the requirement. The acts of more than one legal person charged in a single paragraph *could* be acts of one preformed wholly without any knowledge or participation of the other.